**No. 63739.—A. N. Deringer, Inc. *v.* United States, protest 279923–K (Ogdensburg).**

LAWRENCE, Judge: An importation described on the invoice accompanying the entry as "Secondary Aluminum Foil" from Canada was classified by the collector of customs as aluminum foil less than six one-thousandths of 1 inch in thickness in paragraph 382(a) of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 382(a)), or as modified by the Swiss Trade Agreement, 69 Treas. Dec. 74, T.D. 48093, and duty was imposed thereon at the rate of 40 per centum ad valorem or 11 cents per pound, respectively.

Various claims are made by plaintiff in its protest or by amendment thereto. The one primarily relied upon is that the merchandise in issue should properly have been classified as aluminum scrap within the purview of paragraph 374 of said act (19 U.S.C. § 1001, par. 374), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and subjected to duty at the rate of 1½ cents per pound.

For ready reference, we here set forth the pertinent provisions of the statute— Paragraph 382(a) of the Tariff Act of 1930:

* * * aluminum foil less than six one-thousandths of one inch in thickness, 40 per centum ad valorem * * *.

Said rate was reduced to 11 cents per pound by virtue of the Swiss Trade Agreement, *supra*, effective February 15, 1936.

Paragraph 374, as modified, *supra*:

Aluminum, aluminum scrap, and alloys * * * in which aluminum is the component material of chief value:

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|
| Scrap | | | | | | 1½¢ per lb. |

At the trial of this case, on motion of plaintiff, the record in *Quaker Waxed Products Corp.* v. *United States*, 39 Cust. Ct. 475, Abstract 61309, was incorporated with the record herein. An objection by defendant to said incorporation on the ground that the quality of the merchandise in the two cases differed was overruled by the court.

David Schaffer, who appeared as a witness on behalf of plaintiff in the incorporated case, was also a witness in the instant controversy. He stated that he was vice president of Quaker Waxed Products Corp., ultimate consignee of the involved merchandise, and for 11 years had been purchasing aluminum foil. The merchandise in issue was ordered as scrap or secondary aluminum foil. Received in evidence as plaintiff's exhibit 2 was the invoice of the Aluminum Rolling Mills, Ltd., of Quebec, Canada, which indicates that secondary aluminum foil of various gauges and widths was shipped to Quaker Waxed

Products Corp. Also received in evidence was a copy of the consumption entry, which likewise designates the importation as secondary aluminum foil.

Schaffer stated that primary aluminum foil is usually ordered for a specific purpose and according to specifications. In the course of its production, a quantity of it is rejected for various reasons. It may be over-annealed, too soft or too hard, will not unwind, may be corroded, or, because of the presence of too many pin holes, it will not pass a quality control inspection. Such rejected material is known as "scrap aluminum foil" or "secondary aluminum foil," which terms are synonymous.

The witness stated that, at or about the time of the instant importation, the price of primary aluminum foil ranged from 52¾ cents to 70¼ cents per pound, whereas secondary aluminum foil or scrap foil sold from 24 cents to 28 cents a pound. He testified that some of the instant importation was purchased at 24 cents and some at 28 cents per pound. As evidencing the price range of primary aluminum foil at the time in question, there was received in evidence as exhibit 3 a pricelist of Stranahan Foil Co., Inc., manufacturer of aluminum foil.

A sample of the imported merchandise was received in evidence as plaintiff's exhibit 4. Schaffer described it as secondary aluminum foil for the reason that it was welded together and could not be unwound. The imported merchandise was sold by plaintiff to scrap dealers and smelting companies. He added that he was in court at the trial of the previous case and that the sample of the importation in evidence in that case was similar to the sample of the instant importation.

No testimony was offered on behalf of defendant.

It appears from the uncontroverted evidence before the court that the secondary aluminum foil in issue was the same in all material respects as the merchandise which was before the court in the case of *Quaker Waxed Products Corp.* v. *United States, supra.* We are, therefore, of the opinion that the decision in that case should control our decision herein.

Predicated on the record as made, we find and hold that the instant merchandise should properly have been classified as scrap aluminum in paragraph 374 of the Tariff Act of 1930, as modified, *supra*, and assessed with duty at 1½ cents per pound, as alleged by plaintiff. That claim in the protest is, therefore, sustained. All other claims are overruled.

Judgment will issue accordingly.